



COMMONWEALTH OF KENTUCKY
OHIO CIRCUIT COURT
CIVIL BRANCH

Civil Action No. 11-CI-_____

**STATE AUTOMOBILE PROPERTY &**                  **PLAINTIFF**
**CASUALTY INSURANCE COMPANY**

v.

**THERE IS HOPE COMMUNITY CHURCH,**          **DEFENDANTS**
**by and through its Pastor, DARRELL**
**BLACKLOCK**

Serve at:     685 Flint Springs Road
Cromwell, Kentucky 42333

## COMPLAINT FOR DECLARATORY RELIEF

Comes now the Plaintiff, State Automobile Property & Casualty Insurance Company (hereinafter referred to as "State Auto"), pursuant to Kentucky Rule of Civil Procedure 57 and Kentucky Revised Statute 418.040, and for its Complaint for a Judgment for Declaratory Relief against the Defendant, There is Hope Community Church (hereinafter referred to as "the Church"), by and through its Pastor, Darrell Blacklock (hereinafter referred to as "Blacklock"), states as follows:

### I. VENUE AND JURISDICTION

1. This Declaratory Judgment Action is maintained for the purpose of determining questions of actual controversy between parties.

2. State Auto seeks a declaration of rights concerning its obligations pursuant to a contract of insurance as well as a judicial determination of whether additional funds are owed under the policy of insurance.

3. This matter exceeds the minimum jurisdictional limits of this court.

4. State Auto is an Ohio corporation duly authorized to conduct business within the Commonwealth of Kentucky. Its principal place of business is located in Columbus, Ohio. At all times material and relevant hereto, State Auto was authorized to transact business within the Commonwealth of Kentucky, by issuing policies of insurance including, but not limited to, property and casualty insurance.

5. There is Hope Community Church is an unincorporated entity and at all times material and relevant hereto, was founded and led by the Defendant, Darrell Blacklock. Mr. Blacklock is a citizen of the Commonwealth of Kentucky. The address of the church of There is Hope Community Church is 892 Bethel Church Road, Beaver Dam, Kentucky, within Ohio County, Kentucky.

6. State Auto issued Policy of Insurance No. BOP 2504173, (hereinafter referred to as "the Policy"), to There is Hope Community Church by and through Darrell Blacklock on November 20, 2008, providing coverage for the real property located at 892 Bethel Church Road, Beaver Dam, Kentucky. The Policy and any coverage provided were subject to the terms, conditions and limitations of the Policy, the declarations page of which is attached hereto as Exhibit A.

7. Since the fire which is the subject of this litigation occurred, Mr. Blacklock, has relocated. To the best of Plaintiff's knowledge, information and belief, the Defendant's new residential address for purposes of service of process is 685 Flint Springs Road, Cromwell, Kentucky 42333. As the insured church was located in Ohio County, Kentucky, the policy in question was issued in Ohio County and all material events and investigations pertain to matters that occurred in Ohio County, Kentucky. Pursuant to KRS 452.400 and KRS 304.14-380, venue is property in Ohio County.

- 2 -

## II. FACTS

8. The Church obtained the property on a verbal agreement to purchase same from the United Methodist Church prior to the fire.

9. The arrangements were that the Church would purchase the property and building for a payment of $15,000.00-$18,000.00, less the cost of improvements made.

10. At the time of the fire which is the basis of this action, no funds had been paid toward the purchase price. Maintenance of an insurance policy on the Church was a prerequisite of the verbal contract between the United Methodist Church and There is Hope through Blacklock.

11. It is State Auto's understanding by and through representations made by Mr. Blacklock that the United Methodists have now been paid the sum of $10,000 in full and final settlement of all obligations to purchase from There is Hope. It is further State Auto's understanding that a deed transferring the property to There is Hope is in the process of being executed.

12. On or about the 15th day of June, 2010, a fire of suspicious origin occurred on the Bethel Road premises of the Church. This fire occurred on the same date and approximately the same time as a fire at Mr. Blacklock's personal dwelling.

13. Mr. Blacklock promptly notified State Auto of the fire and of the total loss of the church building and contents.

14. State Auto thereafter promptly began an investigation into the fire loss and the circumstances surrounding it.

-3-

Case 4:11-cv-00149-JHM-HBB   Document 1-3   Filed 11/28/11   Page 4 of 9 PageID #: 34

15. Pursuant to provisions contained in the policy, specifically E. Property Loss Conditions, Section 3, State Auto tendered a blank Proof of Loss form to Mr. Blacklock and requested that all losses be identified and values for same provided.

16. The Proof of Loss was completed by Mr. Blacklock and returned to State Auto on or about August 12, 2010. A copy of the Proof of Loss, duly executed in front of a notary, along with all exhibits that accompanies is attached hereto as Exhibit B. It itemizes the total amount claimed, and the actual amount of loss and damage as $68,203.60.

17. Thereafter, pursuant to the policy provisions and as part of its standard investigating procedures, State Auto, by and through counsel, took an Examination Under Oath of Mr. Blacklock on October 5, 2010. During the Examination Under Oath ("EUO") Mr. Blacklock was questioned thoroughly about the loss to the building and to the contents. A copy of Proof of Loss was attached as an exhibit to the Examination Under Oath and Mr. Blacklock testified that everything said and done during the Examination Under Oath was true and correct to the best of his knowledge.

18. Mr. Blacklock was reminded and acknowledged, during the EUO that State Auto would rely upon the representations made.

19. Following the EUO, State Auto concluded its investigation of the loss, advised Mr. Blacklock that coverage was accepted and not excluded under the policy provisions and began making payment on the various elements of the loss.

20. On May 31, 2011, State Auto issued Check No. 070795367 to There is Hope Community Church in the amount of $48,358.17 for loss to the building. This amount is $8,358.17 more than the Church claimed as the actual cash value on the original Proof of Loss which was signed and notarized.

-4-

21. The check was accepted and cashed.

22. It was made clear to Mr. Blacklock that if the Church should rebuild, he would still have an additional $64,565.45 of coverage available under the replacement cost coverage provisions of the policy. A copy of the e-mails between Mr. Blacklock and the adjuster showing Blacklock's questions concerning replacement cost coverage and the adjuster's prompt response are attached hereto as **Exhibit C**.

23. Mr. Blacklock indicated both acceptance of the actual cash value check by the series of e-mails attached as **Exhibit D** and even indicated that he accepted the loss valuations as "undisputed."

24. Based on Mr. Blacklock's debris removal provisions of the policy and his indication that debris removal had been accomplished for $2,650.00, on June 28, 2011, State Auto issued Check No. 070828251 to There is Hope Community Church in the same amount. A cop of the e-mail exchange from the debris removal contactor, Mr. Blacklock's brother, establishing this number is attached here to As **Exhibit E**.

25. On May 31, 2011, Check No. 070795369 was issued in the amount of $17,245.23 for the actual cash value of lost building contents. This amount was accepted and cashed.

26. On June 29, 2011, State Auto issued a check in the amount of $2,096.05 to cover business income loss. This amount was accepted and cashed.

27. At no prior time prior to receipt of the policy proceeds were the amounts paid questioned or disputed by the Defendant, Darrell Blacklock.

28. In fact, the payments made pursuant to the policy exceed the values identified and sworn to by Mr. Blacklock in his Proof of Loss, by $2,145.85.

29. After payment for loss was accepted and the checks cashed, the Defendant questioned what methodology was used to calculate this loss but not the amount tendered or accepted. A copy of e-mail exchanges documenting this is attached hereto as **Exhibit F** and reflected throughout other exhibits.

30. Several weeks after the final payments were made and accepted on or about July 1, 2011, State Auto was contacted by a public adjuster from Tennessee seeking to invoke the appraisal process on a portion of the claim State Auto believed was already resolved from payments previously made and accepted. A letter from this public adjuster and the response from State Auto are attached as collective **Exhibit G**.

31. State Auto then received from Mr. Blacklock a new sworn Proof of Loss dated August 3, 2011, in the amount of $209,465.50 for actual cash value of the church building. This new, post-payment, Proof of Loss and the cover letter accompanying it are attached as **Exhibit H**.

32. State Auto declined to invoke the appraisal clause, believing that there was no disagreement for which appraisal was appropriate. See letters to Mr. Blacklock and C. Howarth attached as collective **Exhibit I**.

33. Based on continued insistence by Mr. Blacklock that additional payments are now owed, State Auto seeks the assistance of this Court in resolving the present controversy.

34. State Auto has thus far paid a total of $70,349.45 which is in excess of the original sworn Proof of Loss submitted by Mr. Blacklock and sworn by Mr. Blacklock as representing the full and complete loss.

35. Blacklock's action in accepting the checks and cashing them establish a completed transaction, and/or an agreement subject only to additional payments under the

- 6 -

replacement cost portion of the policy should the Church choose to rebuild and re-purchase contents during the time limitations delineated in the Policy.

36. The Policy issued by State Auto provides coverage for the June 15, 2010, fire loss subject to the applicable terms, conditions, definitions and exclusions of the Policy. The Policy's concealment and fraud provision states as follows:

## BUSINESSOWNERS COMMON POLICY CONDITIONS

**C. Concealment, Misrepresentation or Fraud**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This policy;
2. The covered Property;
3. Your interest in the Covered Property; or
4. A claim under this policy.

**B. EXCLUSIONS ..**

**f. Dishonesty**

Dishonest or criminal acts by you, anyone else with an interest in the property, or any of your or their partners, employees, directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:

(1) Acting alone or in collusion with others;
(2) Whether or not occurring during the hours of employment.

This exclusion does not apply to acts of destruction by your employees; but theft by employees is not covered.

37. State Auto has reason to believe based on the information gathered in the investigation of the fire loss, the statements taken, including the sworn statement of Mr. Blacklock during the Examination Under Oath, that the Defendant Blacklock has recently made material misrepresentations, false statements and engaged in fraudulent conduct in regard to the

- 7 -

value of the insured property at the time of the loss, by and through the "new" Proof of Loss recently tendered.

38. Upon information gathered in its investigation of the claim, State Auto believes it has paid all that is owed for the fire loss, unless the Church rebuilds.

39. Defendant's fraudulent acts, misrepresentations and false statements after accepting payment void the policy issued to Defendant Blacklock for the Church.

40. Due to the Defendant's breach of Policy conditions, this Court should declare that State Auto has no further contractual liability or obligations to the Defendant under the above-referenced Policy of insurance.

41. Defendant's actions in tendering the original Proof of Loss under oath in front of a notary, representing that it established the full extent of the loss sustained by There is Hope and accepting payment from State Auto in an amount even greater than what was claimed, and cashing the checks tendered establish an accord and satisfaction, estoppel, evidence of full payment and waiver and preclude There is Hope from now attempting to change the claim.

42. Thereafter Defendant's actions in tendering a "new" Proof of Loss utilizing different numbers shows an illegality and attempted fraud which precludes There is Hope from now being able to receive additional sums.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, State Automobile Property & Casualty Insurance Company requests judgment declaring:

1. That pursuant to the policy terms, conditions, definitions and exclusions, State Auto has no further liabilities, rights or obligations to Defendant, There is Hope under Policy No. BOP 2504173.

2. The Defendant, There is Hope, has been full compensated for the loss sustained in the fire of June 15, 2010.

3. That State Auto's insurance Policy No. BOP 2504173 issued to There is Hope Community Church is void.

4. That State Auto be awarded its costs herein expended and any and all other relief to which it may appear entitled.

Respectfully submitted,

FOWLER, MEASLE & BELL, LLP

*[signature: Elizabeth S. Feamster]*

Elizabeth S. Feamster
Jane Smoot White
300 West Vine Street, Suite 600
Lexington, KY 40507-1660
(859) 252-6700
(859) 255-3735 fax
ATTORNEYS FOR PLAINTIFF
STATE AUTOMOBILE PROPERTY &
CASUALTY INSURANCE COMPANY

- 9 -

4813-8728-6027.1/4798.00082
4813-8728-6027, v. 2