2013 WL 5939879
Only the Westlaw citation is currently available.
United States District Court, W.D. Kentucky, Paducah Division.

J.T. CARNEAL, et al., Plaintiffs
v.
TRAVELERS CASUALTY INSURANCE OF AMERICA, Defendant.

Civil Action No. 5:12–CV–00174. | Nov. 5, 2013.

**Attorneys and Law Firms**

James W. Owens, Paducah, KY, for Plaintiffs.

Russell E. Reviere, Rainey Kizer Reviere & Bell, PLC, Jackson, TN, Serieta G. Jaggers, Jaggers Law Office, Princeton, KY for Defendant.

**Opinion**

### MEMORANDUM OPINION AND ORDER

THOMAS B. RUSSELL, Senior District Judge.

**\*1** This matter is before the Court upon Defendant Travelers Casualty Insurance Company of America's Motion to Exclude Plaintiffs' Proffered Expert Chuck Howarth. (Docket No. 28.) Plaintiffs J.T. Carneal d/b/a J.T. Carneal Enterprises and Suzanne Roberts d/b/a/ Anne's Bridals, LLC, have responded in opposition, (Docket No. 37), and Defendant has replied, (Docket No. 41). This matter is now ripe for consideration.

### BACKGROUND

This litigation arises out of water damage to Plaintiffs' building and inventory on or about September 9, 2010. On September 14, 2010, a claim was made for that damage under a policy of insurance issued by Defendant to Anne's Bridals. Defendant retained OnTheRock Engineering, LLC, to perform an investigation of the property and determine the source of the water damage. After conducting its investigation, OnTheRock Engineering concluded that the two sources of moisture infiltration had not been caused by storm damage but instead were the result of improper installation of the EPDM rubber membrane roof. By letter of November 21, 2010, Defendant informed Plaintiff Roberts that it was denying her claim. In that letter, Defendant identified the facts and policy provisions on which its decision had been made, specifically quoting the policy's exclusion for damage caused by "faulty, inadequate or defective ... repair, construction, renovation, remodeling [or] materials used in repair, construction, renovation, or remodeling." (Docket No. 21–1, at 46–47.) Defendant stated that it was denying Plaintiff Roberts' claim based on that policy provision and on the investigation and report of its expert, OnTheRock Engineering.

Plaintiffs originally filed this action in McCracken Circuit Court on September 7, 2012. In Count I of their Complaint, Plaintiffs appear to allege that Defendant was negligent in failing to inspect the property prior to writing and issuing the policy of insurance. In Count II their Complaint, Plaintiffs allege that Defendant violated the Kentucky Unfair Claims Settlement Practices Act (UCSPA), Ky.Rev.Stat. § 304.12–230, in its handling of their claim.

Plaintiffs have proffered Chuck Howarth as an expert witness who will testify in this matter. Howarth has authored an expert report setting forth his opinions and has been deposed. Howarth's proposed testimony falls into three general categories: (1) opining whether the Plaintiffs' claim was properly documented and submitted; (2) assessing the bases upon which Defendant decided to deny the Plaintiffs' claim; and (3) opining whether the Defendant's handling of the Plaintiffs' claim was done in bad faith. (*See* Docket No. 28–3, at 2–4.) In regard to the Defendant's decision to deny Plaintiffs' claim, Howarth opines that the Defendant's application of the two policy exclusions Defendant relied on was "unreasonable and unfounded." (Docket No. 28–3, at 2.) Howarth goes on to express an opinion that Defendant's handling of the claim was done in bad faith. (Docket No. 28–3, at 3–4.) Howarth states that his opinions are founded on his thirty-plus years of claim-adjusting experience. (Docket No. 28–3, at 4.)

### STANDARD

**\*2** The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence. Rule 702 provides, in relevant part, that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or

to determine a fact in issue." In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* "the Supreme Court established a general gatekeeping obligation for trial courts to exclude from trial expert testimony that is unreliable and irrelevant." *Conwood Co. v. U.S. Tobacco Co.,* 290 F.3d 768, 792 (6th Cir.2002) (alteration and internal quotation marks omitted) (quoting *Hardyman v. Norfolk & W. Ry. Co.,* 243 F.3d 255, 260 (6th Cir.2001) (applying *Daubert,* 509 U.S. 579, 597 (1993); *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147–48 (1999))). The Court must determine whether evidence proffered under Rule 702 "both rests on a reliable foundation and is relevant to the task at hand." *Daubert,* 509 U.S. at 597. As the Sixth Circuit recently explained:

> [I]n addition to requiring that a proposed expert's testimony be "reliable," Rule 702 requires that the expert's testimony assist the trier of fact. This requirement has been interpreted to mean that scientific testimony must "fit" the facts of the case, that is, there must be a connection between the scientific research or test result being offered and the disputed factual issues in the case in which the expert will testify. In short, under *Daubert* and its progeny, a party proffering expert testimony must show by a "preponderance of proof" that the expert whose testimony is being offered is qualified and will testify to scientific knowledge that will assist the trier of fact in understanding and disposing of issues relevant to the case.

*Pride v. BIC Corp.,* 218 F.3d 566, 578 (6th Cir.2000) (internal citations omitted) (citing *Daubert,* 509 U.S. at 592 & n. 10). But *Daubert* did not impose any new standard, other than that already found in the Federal Rules of Evidence, for the admissibility of the testimony of nonscientific expert witnesses. *See Kumho Tire,* 526 U.S. at 152; *see also United States v. Velasquez,* 64 F.3d 844, 850 (3d Cir.1995); *United States v. Starzecpyzel,* 880 F.Supp. 1027, 1040–41 (S.D.N.Y.1995). The Sixth Circuit instructs that "[e]xperts are permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as 'the expert's opinion [has] a reliable basis in the knowledge and experience of the discipline.' " *Jahn v. Equine Servs., PSC,* 233 F.3d 382, 388 (6th Cir.2000) (second alteration in original) (quoting *Daubert,* 509 U.S. at 592). Still, the "liberal interpretation of this requirement does not mean that a witness is an expert simply because he claims to be." *Pride,* 218 F.3d at 577 (citations and internal quotation marks omitted).

**\*3** Additionally, although an expert's opinion may "embrace an ultimate issue," the issue embraced must be a factual one. *See* Fed.R.Evid. 704(a); *Berry v. City of Detroit,* 25 F.3d 1342, 1353 (6th Cir.1994). "When the rules speak of an expert's testimony embracing the ultimate issue, the reference must be to stating opinions that suggest the answer to the ultimate issue or that give the jury all the information from which it can draw inferences as to the ultimate issue." *Berry,* 25 F.3d at 1353. However, "opinions that merely tell the trier of fact what result to reach or state a legal conclusion in a way that says nothing about the facts are ... objectionable ... because such opinions are not 'helpful' as required by Rule 701 and do not 'assist' as required by Rule 702." 29 Charles Alan Wright, *et al., Federal Practice & Procedure* § 6282.

## DISCUSSION

Defendant argues that Howarth's proposed expert testimony should be excluded because his opinions amount to little more than pure legal conclusions that would not assist the trier of fact in understanding or determining the issues relevant to this case. Despite responding in opposition, Plaintiffs do not directly address Defendant's arguments. After considering Defendant's Motion, the Court agrees that Howarth's proposed expert opinions and testimony must be excluded.

It is worth noting that although Howarth's opinions largely focus on whether Defendant properly applied certain exclusions in denying Plaintiffs' claim, Plaintiffs Complaint does not specifically allege that Defendant breached its insurance contract; rather, Plaintiffs allege that Defendant was negligent for failing to inspect the insured property prior to the issuance of that contract. (*See* Docket No. 1–1, at 6–7.) However, because the parties have framed this action as if Plaintiffs had alleged that Defendant breached the insurance contract by denying Plaintiffs' claim, the Court will likewise construe Plaintiff's Complaint as seeking damages for breach of that contract.

It is well established that the interpretation and construction of an insurance policy are questions of law for the court. *E.g., Eckstein v. Cincinnati Ins. Co.,* 469 F.Supp.2d 455, 461 (W.D.Ky.2007) (citing *K.M.R. v. Foremost Ins. Grp.,* 171

S.W.3d 751, 753 (Ky.Ct.App.2005)); *Charter Oak Fire Ins. Co. v. Coleman,* 273 F.Supp.2d 903, 906 (W.D.Ky.2003); *see also Dowell v. Safe Auto Ins. Co.,* 208 S.W.3d 872, 875 (Ky.2006) ("It is well established that construction and interpretation of a written instrument are questions of law for the courts."). However, the cause of loss presents a question of fact for the jury. *See generally Princess Garment Co. v. Fireman's Fund Ins. Co. of S.F.,* 115 F.2d 380, 383 (6th Cir.1940) (referencing *Milwaukee & St. Paul Ry. Co. v. Kellogg,* 94 U.S. 469, 474 (1876)).

Howarth opines that "[i]n roof construction, there is a wide range of acceptable methods to complete a connection between two different roofing products, some better than others." (Docket No. 28–3, at 3.) Howarth goes on to conclude that "[t]he roof condition was certainly not 'inadequate.' " (Docket No. 28–3, at 3.) However, Howarth, who is not an engineer, acknowledged in his deposition that he is not an expert in roof installation and cannot express an opinion as to whether the roof in question was defectively installed. (*See* Docket No. 28–2, at 17, 21–22.) Thus, Howarth does not appear to offer an opinion as to the cause of loss. To the extent he intends to, Plaintiffs have not shown that Howarth is qualified to render such an opinion, nor is the Court satisfied that such testimony rests on a reliable foundation in Howarth's professional knowledge and experience. Accordingly, any such testimony must be excluded.

**\*4** The remainder and bulk of Howarth's opinions focus on whether Defendant properly applied the exclusion provisions in the policy and whether Defendant acted in bad faith. In regard to Defendant's application of the exclusions, Howarth essentially offers his opinions on how the policy terms should be construed. As to the first exclusion, Howarth opines: "[Defendant] has not produced any proof that this exclusion or Limitation applies and the burden is theirs to do so under an 'all risk' policy. Short of their proving that an exclusion applies, coverage remains in place for the loss." (Docket No. 28–3, at 2.) As to the second exclusion, Howarth states: "The application of ACC [anti-concurrent causation] clauses is a complicated subject of law that should not be expounded upon too deeply by non-lawyers. I do want to point out however that the approach that [Defendant] has taken in applying this ACC clause is an extreme one." (Docket No. 28–3, at 2.) These opinions say nothing of the factual dispute that must be decided by the jury and are, in effect, little more than legal conclusions as to the construction and interpretation of the insurance policy. As such, these opinions would not assist the trier of fact and so must be excluded.

Howarth's remaining opinions go to whether the Defendant's conduct and handling of the Plaintiffs' claim were in bad faith. Here, Howarth merely tracks the language of the Kentucky UCSPA to summarily conclude that Defendant violated several of the prohibitions set out in that statute. In this regard, Howarth's opinions merely tell the trier of fact what result to reach by stating legal conclusions that say little if anything about the facts of this case. Thus, these opinions also must be excluded.

## CONCLUSION

For these reasons, the Court finds that Howarth's proposed expert testimony would not help the trier of fact understand or dispose of the factual issues in this case and, therefore, must be excluded. Accordingly, having considered Defendant's Motion and being otherwise sufficiently advised;

IT IS HEREBY ORDERED that Defendant's Motion to Exclude Plaintiffs' Proffered Expert Chuck Howarth, (Docket No. 28), is GRANTED.

IT IS SO ORDERED.