# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

CIVIL ACTION NO. 4:11CV-149-JHM

STATE AUTOMOBILE PROPERTY &
CASUALTY COMPANY                                               PLAINTIFF

VS.

THERE IS HOPE COMMUNITY CHURCH
By and Through its Pastor, Darrell Blacklock                   DEFENDANT

## ORDER

This matter is before the Court on Defendant There is Hope Community Church's Motion to Vacate, Amend, or Amend [DN 64]. Fully briefed, this matter is ripe for decision.

Motions to alter or amend judgments may be "made for one of three reasons: (1) An intervening change of controlling law; (2) Evidence not previously available has become available; or (3) It is necessary to correct a clear error of law or prevent manifest injustice." United States v. Jarnigan, 2008 WL 5248172, at *2 (E.D. Tenn. Dec. 17, 2008) (citing Fed. R. Civ. P. 59(e); Helton v. ACS Grp., 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); see also GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before'" United States v. Abernathy, 2009 WL 55011, at * 1 (E.D. Mich. Jan. 7, 2009) (citation omitted); see also Browning v. Pennerton, 2008 WL 4791491, at * 1 (E.D. Ky. Oct. 24, 2008) ("[A] motion for reconsideration is not a vehicle to re-hash old arguments . . . ."); Elec. Ins. Co. v. Freudenberg–Nok, Gen. P'ship, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an

opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." Marshall v. Johnson, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007).

Applying the above standard to the current motion, the Court denies the Defendant's motion to reconsider the merits of the case. Although Defendant contends the Court failed to explain the basis for granting summary judgment as to the ACV for the Building, the Court's Memorandum Opinion and Order [DN 62] fully detailed the reasoning for the decision. Defendant attempts to re-hash arguments the Court previously addressed and submit additional theories that existed prior to Plaintiff's summary judgment motion. Neither of these methods provides a valid foundation for a Rule 59 motion.

For the reasons set forth above, Defendant There is Hope Community Church's Motion to Vacate, Amend, or Amend [DN 64] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

July 23, 2014

cc: counsel of record