UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:11CV-149-JHM

STATE AUTOMOBILE PROPERTY &
CASUALTY COMPANY                                                          PLAINTIFF

VS.

THERE IS HOPE COMMUNITY CHURCH
By and Through its Pastor, Darrell Blacklock                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff State Automobile Property & Casualty Company's ("State Auto") Motion for Summary Judgment on the Counterclaim of Defendant [DN 65]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

This case arises out of a fire on June 15, 2010 that substantially damaged a church building ("Building") located at 892 Bethel Church Road in Beaver Dam, Kentucky. Mr. Darrell Blacklock ("Defendant") held an insurance policy ("Policy") with State Auto covering the Building. State Auto filed a declaratory judgment action seeking a determination as to the amount, if any, still owed to Defendant under the Policy. On May 15, 2014, the Court entered a Memorandum Opinion and Order [DN 62] that granted summary judgment in favor of State Auto as to the "actual cash value" ("ACV") and replacement cost value ("RCV") of the Building. [Mem. Op. and Order, DN 62, at 10]. Additionally, the Court concluded that State Auto fully compensated Defendant for all other types of losses owed under the Policy. [Mem. Op. and Order, DN 62, 8-9]. The Plaintiff now seeks summary judgment on the Defendant's Counterclaim.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard the Court reviews the following facts.

## III. ANALYSIS

### A. Count One: Breach of Contract

Plaintiff contends that the Court's prior Opinion necessarily forecloses the existence of a breach of contract claim because the Court found that it did not owe additional coverage.

Defendant alleges in his Counterclaim that "Plaintiff breached its contractual obligations by virtue of its failure or refusal to timely tender payment to, or on behalf of the Defendant, in accordance with the policy(ies) of insurance." [Answer and Counterclaim, DN 3, at 4]. Defendant does not respond to Plaintiff's contention that the breach of contract claim should be dismissed. To establish a breach of contract claim in Kentucky, Defendant must demonstrate three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract. Metro Louisville/Jefferson County Government v. Abma, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009) (citation omitted). Taking into account the Court's previous ruling that State Auto already paid sums owed to Defendant under the Policy, the Court must conclude that Defendant cannot establish the second element of a breach of contract claim, the breach itself. Therefore, this claim is dismissed.

**B. Count Two: Waiver/Detrimental Reliance**

Plaintiff argues that Defendant cannot establish a waiver/detrimental reliance claim because the Court previously determined that State Auto does not owe additional coverage. Defendant alleges in his Counterclaim that after the loss of the Church, "the Defendant continued his detrimental reliance on the representations, experience and expertise when the Plaintiff promised to pay sums of money for loss covered under the policy at issue." [Counterclaim, DN 3, at 5]. Although it is not at all clear, it appears that Defendant's claim in this regard is that since State Auto paid some of his supplemental claims under the Policy's additional coverages, it waived its right to rely on the settlement for the ACV as a defense to Defendant's later claims that more was owed to him for the ACV.

This claim cannot proceed because it is totally inconsistent with the Court's previous determination that the settlement agreement was valid and no additional sums were owed under the building coverage.

**C. Count Three: Bad Faith and Unfair Claims Settlement Practices**

In order to state a claim for bad faith under Kentucky law, the insured must prove three elements: "(1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed." Fed. Kemper Ins. Co. v. Hornback, 711 S.W.2d 844, 847 (Ky. 1986) (Leibson, J., dissenting) (adopted by incorporation in Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176, 178 (Ky. 1989)). Thus, "[a]n insurer is entitled to challenge a claim and litigate it if the claim is debatable on the law or the facts." Wittmer v. Jones, 864 S.W.2d 885, 890 (Ky. 1993) (quotation and internal markings omitted); see also Empire Fire & Marine Ins. Co. v. Simpsonville Wrecker Svc., Inc., 880 S.W.2d 886, 890 (Ky. Ct. App. 1994) ("[A] tort claim for a bad faith refusal to pay must first be tested to determine whether the insurer's refusal to pay involved a claim which was fairly debatable as to either the law or the facts.").

Count Three of Defendant's Counterclaim alleges bad faith in respect to failing to timely pay Defendant's claim and a general allegation of bad faith. Presumably, Defendant means to allege two separate incidents of bad faith, one related to the initial payment and the other for denial of payment on the second proof of loss. While State Auto argues that Defendant only identifies a claim based on the second proof of loss, the Court believes that Defendant asserts a bad faith claim for both the claim paid by State Auto and the second claim which was denied. Specifically, Defendant alleges that "Plaintiff was obligated to pay the claims of the Defendant in accordance with Kentucky law and Plaintiff lacked a reasonable basis when they *failed to*

*timely* pay Defendant's claims arising from the aforesaid accident." [Counterclaim, DN 3, at 5]. The Court is satisfied that Defendant adequately identified a claim based on a delay in payment.

Starting with the first proof of loss and the payment of the claim, Defendant alleges that State Auto failed to timely pay for the loss of the Building. With regard to the promptness of settlements, "mere delay in payment does not amount to outrageous conduct absent some affirmative act of harassment or deception." Motorists Mut. Ins. Co. v. Glass, 996 S.W.2d 437, 452 (Ky. 1997). "[T]here must be proof or evidence supporting a reasonable inference that the purpose of the delay was to extort a more favorable settlement or to deceive the insured with respect to the applicable coverage." Id. at 452-53. "Evidence of mere negligence or failure to pay a claim in timely fashion will not suffice to support a claim for bad faith. Inadvertence, sloppiness, or tardiness will not suffice; instead, the element of malice or flagrant malfeasance must be shown." United Services Auto. Ass'n v. Bult, 183 S.W.3d 181, 186 (Ky. Ct. App. 2003).

State Auto contends that Defendant fails to provide sufficient facts to support a claim for bad faith. In response, Defendant primarily argues that he has not had the opportunity to obtain discovery on this claim and that he should be provided the chance to develop these facts. Additionally, he notes that there was a significant amount of time between the submission of his proof of loss and State Auto's payment of the claim. However, a lack of timeliness in payment of claim will clearly not support a bad faith claim against an insurer nor does the fact that State Auto chose to conduct an investigation into the origins of the fire. See Baymon v. State Farm Ins. Co., 257 F. App'x 858, 863 (6th Cir. 2007) ("It certainly is not bad faith for an insurance company to undertake a full investigation, even if it believes it knows the facts."). As demonstrated by the undisputed facts in the underlying action, State Auto actually paid the Defendant *more* than he asked for on his first proof of claim. This fact alone negates any

possible inference that State Auto was attempting to settle Defendant's claim for less. Similarly, Defendant cannot possibly show that State Auto intended to deceive him concerning coverage when they in fact paid his claim for the fire. As such, even with discovery, Defendant would not be able to successfully advance either one of the acceptable theories described in Glass for a bad faith claim based on an insurer's delay in payment. Heritage Mut. Ins. Co. v. Reck, 127 F. App'x 194, 200 (6th Cir. 2005) (finding that the district court did not err in denying discovery on insured's bad faith claim where the court had become familiar with the facts in the underlying liability claim). Thus, the Court must dismiss Defendant's bad faith claim based on the first proof of loss.

As for a claim based on the second proof of loss, the Court's prior Opinion means that the Defendant cannot establish the first or second element for a bad faith claim under Curry. As previously determined, State Auto actually paid Defendant under the terms of the Policy after submission of the first proof of loss and Defendant explicitly accepted those amounts. As a result, State Auto had no obligation to pay any amount requested in the second proof of loss, thus, Plaintiff's denial of Defendant's second amended proof of loss was necessarily reasonable as a matter of law. Davidson v. American Freightways, Inc., 25 S.W.3d 94, 100 (Ky. 2000) ("Absent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."). Therefore, summary judgment is granted based on Defendant's bad faith claim based on the second proof of loss.

**D. County Five/Seven: Consumer Protection Act**

State Auto asserts that Defendant fails to meet the threshold requirement for a claim under the Kentucky Consumer Protection Act ("KCPA"). The KCPA prohibits "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce . . . ." KRS

367.170(1). In addition to providing for enforcement by the Attorney General, the KCPA authorizes a private right of action brought by "[a]ny person who purchases or leases goods or services *primarily for personal, family or household purposes* and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170." KRS 367.220 (emphasis added).

The mere fact that the "service" in question in this case is the purchase of an insurance policy does not necessarily preclude a cause of action. In fact, the Kentucky Supreme Court in Stevens v. Motorist Mutual Insurance Co. found that the purchase of a homeowners' insurance policy fell within the KCPA where the plaintiffs alleged that the insurance company misrepresented information to them. Stevens v. Motorists Mut. Ins. Co., 759 S.W.2d 819, 821 (Ky. 1988). Defendant relies on Stevens for the proposition that he may maintain an action under the KCPA. However, Stevens only applies to the purchase of *homeowners' insurance*. Stevens, 759 S.at 821-22 ("It is the holding of this Court that the Kentucky Consumer Protection Act provides a homeowner with a remedy against the conduct of their own insurance company pursuant to KRS 367.220(1) and KRS 367.170."). In the present case, Defendant seeks monetary damages under the KCPA based on an insurance policy that covered his business property, not his home. Defendant does not refute that the Policy only covered his business. Individuals under the KCPA cannot recover damages for services or goods that are used for commercial purposes even if the claim is filed by an individual instead of the actual business. See Keeton v. Lexington Truck Sales, Inc., 275 S.W.3d 723, 726 (Ky. App. 2008) (finding that an individual who purchased a truck for commercial purposes could not maintain a cause of action under the KCPA). For these reasons, Defendant's claim under the KCPA is dismissed.

**E. Count Eight: Declaration of Rights**

State Auto seeks summary judgment on Count Eight of Defendant's Counterclaim. Defendant fails to respond. Therefore, this claim is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff State Automobile Property & Casualty Company's Motion for Summary Judgment on the Counterclaim of Defendant [DN 65] is **GRANTED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

July 23, 2014

cc: counsel of record